When you're ready Mr. Ennis. Good morning your honors my name is Chad Ennis I represent FRED spectrum screening I'll probably refer to it it's kind of tongue-twister so I'm gonna probably refer to it at s3 as we go along thank you just to save the tongues but the key to this appeal in what's really ignored by the defendants in their briefs and at the court below is the difference between the accused products as to the different sets of defendants in this case it's what the distinction the district court minutes and that's the distinction that we've made all along why does that distinction make the case appealable it makes it appealable because basically the district court has ended our case we're effectively out of court using the Moses Cone terminology as to a class of infringers really and especially these particular infringers don't those cases discuss circumstances in which you've essentially surrendered the opportunity to to have your case considered in a federal jurisdiction to either a state or an administrative body I know that's a narrow narrow view of Moses Cone I think Moses Cone is broader than that and basically Moses Cone is a derives itself from Landis and Landis says a an indefinite stay absent oppressing need is an abuse of discretion and then the other courts have used that say that an indefinite stay is also effectively out of court they're kind of it's very interesting you're still in court you're in a go back to this federal court once that is resolved but we're not in court as to this claim 18 and to the infringing products that infringe that claim the binary reproductions we're out and you look at the the cases that discuss what an indefinite stay is it's an it's a confusing term I think because what indefinites really applies to is the length of time of the stay so all these cases that surrender surrender the case to another body you say how long is the stay going to last and in this case we don't know it could be six months it could be seven to eight years put it putting aside the issue of whether the state should have been entered I still don't understand how that creates an appealable issue right well so let's basically I think what you're asking is is it is an indefinite stay render you effectively out of court and that's that's the rule we think oh and if you look at how do you deal with the con and cats and how does the those two cases affect this one I think con isn't is is right on on this point because con says that a misapplication of the customer suit doctrine is appealable well con said appealable if you have irreparable harm that you can show I don't think that's part of the holding of con I but is also a if there is irreparable harm it will certainly be appealable but didn't con have an injunction in it con did have an injunction that enabled it to be appealable in any event and I but I if you look further are the cases that interpreted con such as Tejik they don't there was no injunction issue in Tejik and it is applied con. This isn't even a first-to-file circumstance though is it? Well it didn't start out that way but it's ended up that way because but the first-to-file doctrine is very specific it has to do with two different races to two different courthouses and the issue of the comedy between the judicial officers overseeing those cases and and the sovereigns overseeing those cases here you don't have that you do have a judge who in one case decided to split off an action and send it to where it should have been properly venued but this is not a first-to-file circumstance is it? Well first of all venue was a proper in Chicago venue there was never a proper challenge there was a convenience that moved Kodak to New York but once I mean once the case was in Chicago you're exactly in the customer suit doctrine situation. The underlying policy concerns about first-to-file don't exist. But the underlying policy concerns about first-to-file may not exist but what's driving the policy concerns behind why you're trying to figure out which case should obtain priority is what really the customer suit doctrine so you have two cases which case should we give priority which case should be allowed to But the customer suit doctrine is a very narrow exception to the rules that say interlocutory orders are not appealable right and it's premised on these policy concerns about first-to-file is it? Well I think it's actually premised in my view it's premised more on that customer suit doctrine inherently involves an indefinite stay because you are staying one of the proceedings pending the is very clear that staying one case pending the outcome another is indefinite. The stay rendered is indefinite. Isn't this a case where the two cases were filed on the same day and in this case weren't they filed one case? One case and it was split and so yes. So they filed on the same day. They filed on the same day and now the court the district court split them and was asked to basically determine which case should be given priority if either. And the remaining defendants who weren't transferred to Western District of New York were 2% of the sales in other words not major factors. Well and that that gets to the point and that gets to the point that the district court missed. Yes it is 2% of Kodak's product staccato but there's there's also a net another product that the printer defendants make on their own which is a binary reproduction that is an infringement of claim 18 of the patent which does not depend on any type of mask which staccato is a screening mask. It's as my colleague coined the phrase mask agnostic. It doesn't care what kind of mask you use. You don't have to use a mask at all. You could use other methods of halftone such as error diffusion or other kinds. So to tie it to Kodak's sales to tie the printers to Kodak sales is kind of a red herring because that's not what we're. Well that's not the only claim you have against the customers. You also have all the same claims that you asserted against Kodak right? Absolutely. You're just saying I happen you happen to have one extra claim against. There is there is certainly overlap from claims 1 to 17 and that will be primarily the printer defendants use of staccato. I mean they use other masks also. Right I mean even if I accept your proposition that that Kahn and Katz should be apply in these circumstances despite that that the different procedural posture even Katz said you don't have to have the one case doesn't have to completely resolve the other as long as it'll materially affect it. Well Katz does say that but I think the majority of cases are against Katz on that point and if you look for example Tejik says the other case must resolve all claims. If you look at there's a district court case teleconference it's out of Delaware. They characterize that test as outcome determinative and that's really that makes sense because if you stay a case against one set of defendants what you're really saying is this case over here the case in the Western District of New York is five years. What's the harm? There's evidentiary prejudice. What's the harm? The evidence of the the main harm is the evidentiary proof you need for the printer defendants is printouts. Actual prints to analyze and see where the dots are under Claim 18. Well these aren't something that they maintain or keep in the ordinary business. They could shift products in the meantime you know a whole host of different things could come about where their evidence will not be still available that they infringe Claim 18. So I mean that is the evidentiary prejudice and that's the prejudice that that will suffer from the stay. The district court didn't take that into account at all because the district court missed didn't even address the distinction between Claims 1 to 17 and Claim 18. Of course this is an abuse of discretion standard. It is an abuse of in this case it is an abuse of discretion because I think going back again and it's. You worry that you'll lose evidence but the parties have an ongoing obligation to preserve evidence don't they? They should they've never as far as I know not agreed to maintain copies of every print. It's not a question of whether they agree it's a question of their obligation. Don't they have an obligation to preserve evidence? They do have that obligation. Well then what's your worry about evidentiary prejudice? Maybe you worry that people die. Well yeah absolutely there are witnesses that that could pass along. I mean this is a very potentially lengthy stay. I mean loss of evidence is simply one thing. The patent actually expires in I believe four or five years. Are there specific witnesses that you can identify who are potential potential to be lost? Well it would be employees of the specific witnesses. I cannot give you a name no your honor. I can I could explain to you the types of witnesses that may be lost. But we're not talking about lost sales in their interim and and their monetary damages could could still be available correct? Monetary damages will still be available. I mean I don't think we can deny that at all. Let's hear from Mr. Feldman and we'll come back to you then Mr. Henderson. Mr. Feldman? Yes thank you your honor. May it please please the court appearing on behalf of respondents Eastman Kodak Corporation, Genesis Press Inc., Continental Web Press Inc., Graphic Partners and Johns Burns Company. Have you moved to stay the New York action as well? No your honor. We moved to transfer. That as your colleague correctly adverted to this is not a race to the courthouse case. We did not file it under the Declaratory Judgment Act and have to deal with that. We did we did move the pending action on a request for re-exam which has been granted with all claims canceled. So that point is correct. So you did you the answer to yes I miss I miss whether we the question is whether we had initially filed there. But yes we have moved to stay. And you're saying on re-exam all the proposal is that all the claims be canceled? We've already have a ruling that all claims are canceled on the first office action. The court has not ruled on the request for a stay yet. Of course in first office action that's pretty typical isn't it? Well your honor I don't know about statistics. It's it's not rare at least. Yes that's right. It doesn't help us much. Yes so we're here as a result of an improper attempt to manipulate venue law. There is no jurisdiction. Three menu items have been offered by S3 for jurisdiction. This court has held in Paztec versus Tevo that it must address jurisdiction as a Paztec case and in the Nystrom versus Trek case there were pending counter claims. This court said that there was no final jurisdiction under 1295A1. There's no jurisdiction there. The first basis offered by S3. Moreover as the Paztec court noted that there had been no application for certification of this interlocutory order. Mr. Feldman in Katz and Kahn we have one case where it seems to require the customers to consent to be bound by the results in the other case and another one where they there's no such requirement. Is that relevant here? No your honor it is not. We have to resolve that do you think to to rule in this case? No your honor we Kodak has already taken responsibility for any infringement that may have occurred out of the use of staccato in the New York action. The Kahn case which S3 relies upon apart from the fact that footnote three makes it clear that the Federal Circuit at that time was relying upon Second Circuit law whereas now relies upon its own authority to determine jurisdiction. The Kahn case says as to the third basis for jurisdiction that is 1292A1 that is denial or granting of an injunction in other words trying to treat a stay as an injunction says the case before us is not a matter of an order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily not having the effect of an injunction and therefore not appealable under section 1292A1 and that's Kahn versus S3 dispatches the third and final basis for jurisdiction claimed for this appeal. Our Gould case says that a stay becomes actionable if it's going to be for a protracted and indefinite period of time. Why isn't the likely five-year delay in this case a protracted period? Well your honor as to how much time remaining for the Western District of New York that that may be speculation but the key point The Fifth Circuit has said three years is protracted. The Ninth Circuit says six years is protracted. Yes sir. We're looking at something in the neighborhood of the Ninth Circuit and something far beyond what the Fifth Circuit found protracted. Well this this this court in Gould versus Laser Control said that under 28 USC section 1295 quote stay orders should not ordinarily be viewed as final and thus within the jurisdiction of an appellate court. You're not answering my question. It's going to take five years for to get to trial in the Western District of New York. That's kind of a standard estimate. Why isn't that a protracted period? Well your honor it's the it's not protracted because the key issue is whether the case will receive district court review and then this court's review. If this case if this court were to find jurisdiction. That's not addressing the question of whether it's a protracted period. Fifth Circuit we just went through this. Three years is protracted. We're looking at at least five years here. Why isn't that protracted? Your honor the court had to with judicial economy. You would have multiple Markman hearings. You'd have customer defendants who are no basis to defend all but one of the claims because they have no access to the software. In managing its own docket and having its inherent authority the trial court had to take into account and made findings of fact. They know nothing about the software. They don't have access to the software. What is the patent office proceeding way in the balance here? It's not likely to be five years is it? No your honor. And if they lose the patent there then it's over? That would be correct your honor and moreover in in terms of the appellants position that the trial court did not have an appreciation for the theory. Appellants changed their theory of liability in the complaint from paragraph 48 and 51 says you have joint infringement here that the customers are liable as for direct infringement for using the staccato software to print newspapers to print out. You indemnified the customers? Your honor that's not before this court. It's not in the record. We don't have any outstanding disputes with the customers and Kodak is defending them all in the Western District of New York. What response did you all give to the cross claim? That's been settled your honor. In in regards to the latest theory by appellant. If you're not indemnifying the customers how is that taking responsibility? Well indemnification would be a private matter between the parties here but Kodak represented the court that it has taken responsibility for any infringement arising out of the use of the staccato software by its customer defendants. I don't understand what that means. What's taking responsibility mean? Well it would mean it would pay damages. It pays defense. Why isn't that indemnification? Well it may very well be. I just it's not an issue that was put in the record by appellants and it does certainly jurisdiction and use of the stay abuse of discretion does not turn on that. But if I if I could just point the court the that appellant has shifted their theory here from its opening brief to its reply brief. So in the opening brief the s3 says on pages 3, 4, and 13 that the customer defendants are infringing by use of the staccato software they're creating these separate printouts. If s3 prevails on validity and infringement in New York are you saying that you'll concede then when we go back when you go back to the printer defendants? Well your honor I'm not it's not clear what shadow of a case. Taking responsibility doesn't mean that. Well that was not raised before the Northern District of Illinois. It's likely s3 no your honor that's not been before asked by the court or addressed or briefed. Then is claim 18? That would be your honor Kodak has said it would be responsible and that includes claim 18 which is pleaded against Kodak and the customer defendants contrary to s3's position the complaint. Where's the judicial economy here that you were arguing to us so passionately a moment ago if you're going to relitigate validity and infringement the second time when it goes back you're not going to take responsibility as you said a minute ago you're going to relitigate. Where is the judicial economy? The judicial economy is that even s3 concedes that claims 1 through 17 will be dispatched in the Western District of New York. And if you lose you will agree to that right? If you lose and on You will concede that when you go back? Yes your honor we're not in a position to relitigate that. I understand. We have a validity defenses you can't get a patent on printed matter under section 101. You won't relitigate any of those when you go back with the printer defendants? Correct your honor. And then claim 18 may well be resolved on a validity defense or even on direct infringement in the Western District of New York because they've all been pleaded against all of the respondents here. Every claim not just 1 through 17 they depleted the Kodak had induced by sale of the staccato software to the to the customer defendants and by their use of that in print out that they were infringing an infringing claim 18. Is it correct that severance is not an issue on this appeal just to stay? Correct your honor. And is it also correct you're making every effort to preserve all the evidence that would be needed for both trials? Yes your honor absolutely. You look on the in the reply that they they claim now and they're they're briefed that this claim 18 is not tied to the use of any particular software system such as Kodak's accused staccato product. In their opening brief page 4 they say instead the printer defendants use Kodak products during the manufacture of their own unique and separately infringing products which infringe other claims e.g. claim 18 of the patent suit. So just as the theory of liability shifted before the trial court to have a contradictory theory of liability that liability was separate and distinct for the customer defendants contrary to paragraphs 48 and 52 of the complaint here on appeal the opening position is well yes they have separate liability through the use of staccato there's no other product identified in the complaint and now on the reply brief they're saying well there's some other phantom software that might be out there for which there could be residual liability. If severance isn't on appeal here and we're only dealing with the state we deny the state a reverse we find jurisdiction then there won't be any judicial economy because there'll be two trials the only way to obtain judicial economy is to preserve the state. That right? Yes your honor you're either by finding no jurisdiction or on the merits. Exactly correct your honor there won't be two Markman hearings there won't be litigation of claims 1 through 18 in both jurisdictions won't be the risk of inconsistent results. There are cases being advanced in the Western District of New York and when if anything is left of it it will be disposed of in the Northern District of Illinois. The district court has used its inherent authority to stay its own burden of showing that there is a clearly erroneous finding a fact to support the state. They haven't even appealed but one of the five found findings the fact that the court used to grant ground its its state decision. In so apart from apart from jurisdiction and apart from the lack of record support to demonstrate that there's been an abuse of discretion in this case by the trial court which should be deferred to because it's closer to the facts. The argument was considered below by the trial court and you can see that in joint appendix page 412 where Kodak references the joinder by its co-respondent Genesis Press saying this latest theory of independent liability under claim 18 it's contradicted by the complaint it's not patentable subject matter it should be disregarded the fact that it's not in the stay order does not mean that the court abuses discretion and as to s3 arguing that well there's nothing in the record to show prejudice the you essentially have s3 for the first time on appeal arguing prejudice the only party to raise the potential risk of prejudice was co-respondent Genesis and the appendix on page 213 there were no affidavits from s3 there was no argument made yet now they are finding fault with the district court's decision which would streamline this case get rid of s3 concedes at least all but one claim both parties agreed that or Kodak's position is claim 18 will be resolved as well and this will save a lot of judicial resources for the court finally your honor apart from this particular case there is also the risk that if this court finds jurisdiction it way the pause tech versus Tevo case it sweeps away nice room versus tech and it finds jurisdiction ignores con with regards to treating a stay as an injunction that it could well open a major hole in its section 1404 a jurisprudence you'll see many more lawsuits against customers of OEMs in order to stick those customers in an unfavorable patent jurisdiction the won't be a slippery slope your honor we we think there will be lots of lawsuits there will be lots of appeals based claiming that stays are injunctions and a widening of just reports just willy-nilly issuing stays is that what you're telling us no your honor will be customers being sued your honor okay they're not further questions thank you mr. Feldman mr. Ennis you have three and a half minutes thank your honor again if we made this point in our brief and Kodak's again talked about our complaint and they ignore the claims against the printers there's a section on Drenna see you just heard mr. Feldman say that he's going to be bound by the results in New York you heard him say he's preserving evidence you heard his whole argument what are your concerns somewhat allayed here oh not really I heard I heard we will take responsibility for staccato their product infringements from staccato again if you read the complaint the the allegations against the printer defendants are much are broader than staccato they are not based on staccato the printer defendants do infringe the patent by using staccato but he's right that you do insert otherwise he's right that you do assert claim 18 against Kodak as well for Kodak's use of staccato and as to themselves thing infringement in inducing correct your honor but the printer defendants I believe part of Kodak's submission to the lower court said that one of the defendants uses it 30 times in five years well they've made a lot more prints than that over the course of five years and we're entitled to seek damages on those prints as well not just the Kodak staccato prints because Kodak was a party to the case I mean we won't be prohibited from doing that we won't but it will be as Judge Rader pointed out five to seven years which courts have found to be an abuse of discretion in the Fifth Circuit and all of the the jurisdictional question did you consider a writ of mandamus we did your honor we felt that the finality and was it was a good enough basis and try not to muddy the waters with a with a secondary basis of a writ I mean this could be converted into a writ but I think the issues boil down to a lot of the same same issues but as far as jurisdiction goes Blue Cross which is a detail about Moses Cone and also then has a section on indefinite stays so I and how the majority position is an indefinite stay is an abuse or renders jurisdiction so I would invite the court to read that case in the cases cited there there are several from all over the country and all the circuits not all of the circuits but the majority of the circuits cases like Johnson & Johnson from the seventh con they cite they cite several other times in the Fifth Circuit and so the indefinite stay gives the jurisdiction and strangely the indefinite stay also is a you abuse of discretion putting us out of court as to these printers for who knows how long is an abuse of discretion thank you mr. Ennis thank you concludes our morning